UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Elizabeth Cameron,**

    **Plaintiff,**     :    Case No. 2:18-cv-428

    **v.**         **Judge Sarah D. Morrison**
    :    **Chief Magistrate Judge Elizabeth P. Deavers**

**Ocwen Loan Servicing, LLC,** *et al.***,**

    **Defendants.**

## **OPINION AND ORDER**

On May 2, 2018, Plaintiff Elizabeth Cameron filed a Complaint alleging, among other things, that Defendant Ocwen Loan Servicing, LLC, ("Ocwen") had violated Real Estate Settlement Procedures Act ("RESPA") Regulation X (Count Three). (Compl., at 12–14, 16–18, 21–24, ECF No. 1.) Specifically, Ms. Cameron alleged that she had sent Ocwen a Notice of Error ("NOE") and that Ocwen's response had been statutorily deficient. (*Id.* ¶¶ 101–06.) Plaintiff requested actual and statutory damages, costs, and attorney's fees as a result of the alleged RESPA violation. (*Id.* ¶¶ 112–14.) Ocwen moved for summary judgment on Count Three. (ECF No. 27, at 12–15.) Ms. Cameron opposed the motion (ECF No. 28) but did not request summary judgment herself. The Court subsequently ordered Ocwen, pursuant to Rule 56(f)(1), to provide evidence as to why the Court should not grant summary judgment in favor of Ms. Cameron on Count Three. (ECF No. 33, at 18.)

After each party responded (ECF Nos. 36, 38), on January 9, 2020, the Court granted summary judgment for Ms. Cameron on the RESPA claim (the "January Order"). (ECF No. 39, at 6.) As a part of the January Order, the Court denied Ms. Cameron the opportunity to seek emotional damages on her RESPA claim on the grounds that she had failed to allege that any of

1

her asserted emotional damages were suffered "as a result of" Ocwen's RESPA violation or to provide evidence of the same. (ECF No. 39, at 6.) Thereafter, on January 17, 2020, Ms. Cameron moved for reconsideration, arguing that the Court had overlooked her allegations and evidence of emotional damages tied to the RESPA claim. (ECF No. 40.) Ocwen has opposed the motion. (ECF No. 41.)

Motions for reconsideration of a final order or judgment that are brought within the Rule 59(e) deadline are generally considered to have been brought pursuant to Rule 59(e). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). That deadline is twenty-eight days from entry of the judgment. Fed. R. Civ. P. 59(e). Given the relief sought by Ms. Cameron and the fact that her motion was filed within the twenty-eight day deadline, the Court construes her motion as a motion to alter or amend the judgment pursuant to Rule 59(e).

Such motions, while extraordinary, are proper if grounded in 1) an intervening change in the controlling law or 2) newly available evidence or if 3) the motion "is necessary to correct a clear error of law or to prevent manifest injustice." *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 714 (S.D. Ohio 2013). If anything, Ms. Cameron's motion must fall into the third category, for she identifies no change in the law or newly available evidence. Instead she points out aspects of her Complaint and the record that she argues the Court overlooked. Given that these oversights would deny Ms. Cameron the opportunity to prove emotional damages that she may well be due, the Court considers her motion to be necessary to prevent the manifest injustice of denying her such damages as a matter of law. Her motion is well-taken.

In her Complaint, Ms. Cameron specifically alleged as a part of her RESPA claim that she had suffered "anxiety, loss of sleep, and emotional and mental distress." (ECF No. 1 ¶ 113.) She has also put forth evidence of these damages. In her deposition, Ms. Cameron testified that

she and her family had felt like they had "a threat over our head like a black cloud over the house" that included "trying to straighten things out over and over and over again." (Elizabeth Cameron Dep. 126:21–127:18, ECF No. 30-2.) Ms. Cameron also asserted in her affidavit that she "live[s] with constant concern, worry and anxiety" and "endure[s] emotional distress" in part because Ocwen "will not agree to correct their mistake after I and my attorneys have spent years trying to show them what they have done wrong and ask them repeatedly to fix it." (Elizabeth Cameron Aff. ¶ 29, ECF No. 30-3.)

At the summary judgment stage, the Court must construe the facts and draw all reasonable inferences against the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the Court's denial of emotional damages appeared in the context of the Court's decision *awarding* summary judgment to Ms. Cameron, this denial of emotional damages had the effect of awarding partial summary judgment to Ocwen by denying Ms. Cameron the opportunity to present to a jury evidence of any emotional damages that she may have suffered as a result of the RESPA violation. Moreover, this is relief that Ocwen had previously affirmatively sought in its summary judgment motion. (ECF No. 27, at 15 (arguing for summary judgment because Ms. Cameron had established no RESPA damages).) Accordingly, Ms. Cameron was the nonmoving party on this point, and the Court must construe the facts and draw any reasonable inferences in her favor.

When reading the quoted aspects of Ms. Cameron's deposition testimony and affidavit in the light most favorable to her, it is apparent that there is sufficient evidence for her to proceed on her claim that she suffered emotional damages as a result of the RESPA violation. This remains a material fact in dispute. Thus, the Court was wrong to deny her the opportunity to prove these damages before a jury. Having said this, the Court's original conclusion that the

RESPA violation did not ripen until April 17, 2018, stands. (ECF No. 39, at 6.) If she is to recover any emotional damages on this claim at all, she must prove that her damages resulted from the RESPA violation and occurred on or after April 17, 2018.

Ocwen disputes Ms. Cameron's entitlement to relief by arguing that the Court previously found her evidence to be lacking. (ECF No. 41, at 3.) While true, this was based on the Court's oversight, not an analysis of the merits of the evidence. There is "no reason why [the Court] should be consciously wrong today because [it] was unconsciously wrong yesterday." *Massachusetts v. United States*, 333 U.S. 611, 639–40 (1948) (Jackson, J., dissenting).

The remainder of the Court's January Order stands to the extent that it is not inconsistent with this Opinion and Order. Ms. Cameron is entitled to the opportunity to prove that she suffered emotional damages as a result of Ocwen's RESPA violation. That aspect of her claim is reinstated for trial. The Motion for Reconsideration is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**